FILED

April 28 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 08-0323

FILED

APR 2 8 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF THE REVISION OF RULES
ON ARBITRATION OF FEE DISPUTES

O R D E R

On July 10, 2008, the Trustees of the State Bar of Montana and the Fee Arbitration Committee (Petitioners) filed a Petition to Revise and Amend the Rules on Arbitration of Fee Disputes (Rules). Proposed amendments to the Rules were circulated for a 45-day comment period to the members of the State Bar of Montana on August 19, 2008. Subsequently, on October 28, 2008, the matter of the Rule revisions came before this Court at a duly noticed public meeting. Following the public meeting, Justices Cotter and Rice met on two occasions with a committee of the Petitioners in an effort to reach accord on the amendments. The Court and the Petitioners have now agreed upon the revisions to the Rules, and the Court deems it appropriate to adopt the revised Rules on Arbitration of Fee Disputes. Accordingly,

IT IS HEREBY ORDERED that the attached revised Rules on Arbitration of Fee Disputes, together with accompanying forms, are unanimously adopted by this Court this day, to be effective May 1, 2009.

IT IS FURTHER ORDERED that this Order be sent by the office of the Clerk of this Court to the State Bar of Montana, and to Jim Lewis, as Chair of the Fee Arbitration Committee. In addition, a copy of this Order shall be electronically published on the website of the judicial branch, http://www.courts/mt.gov, and on the website of the State Bar of Montana.

1

DATED this 28th day of April, 2009.

_____
Chief Justice

_____
Patricia Cotter

_____

_____

_____
W. William Leaphart

_____
John Warner
Justices

2

## RULES ON ARBITRATION OF FEE DISPUTES
Effective May 1, 2009

## I. PURPOSE

1.1    It is the policy of the Supreme Court of Montana to encourage the informal resolution of fee disputes between attorneys who practice law in Montana and their clients. In the event such informal resolution cannot be achieved, the Supreme Court of Montana hereby establishes through adoption of these rules, a program and procedures for the arbitration of disputes concerning any and all fees and/or costs paid, charged, or claimed for professional services by attorneys. These rules do not apply to disputes between attorneys with respect to sharing of fees.

1.2    In lieu of these remedies for arbitration of fee disputes, the parties may wish to pursue binding arbitration under the provisions of the Uniform Arbitration Act, Sections 27-5-111 through 27-5-324, MCA. To do so, the parties must enter into a binding arbitration agreement as required under applicable state or federal law.

1.3    The following disputes are exempt from the operation of these rules:

(a) disputes which are subject to a valid arbitration agreement under applicable state or federal law; and

(b) disputes which are the subject of litigation filed prior to actual receipt of the Petition by the State Bar of Montana. An attorney's lien shall not exempt the dispute from these rules.

(c) disputes regarding fees established by law, a court or administrative panel, including but not limited to bankruptcy cases and worker's compensation cases.

1.4    Nothing in these rules is intended to interfere with or supersede the powers and authority of the Commission on Practice or applicable statutes of limitation.

1.5    Once a Petition for Arbitration is filed with the State Bar, a lawsuit cannot be commenced by any party, until this process has been completed by the issuance of a written decision under Rule 8.2, dismissal under Rule 5.6, or withdrawal by mutual agreement of the parties under Rule 5.8.

## I. DEFINITIONS

"Attorney" means a person admitted to the practice of law in Montana, or any other person who appears, participates or otherwise engages in the practice of law in Montana, regardless of the status of his or her license. In these rules, the term "Attorney" includes an attorney's assignee.

"Board" means the three (3) persons chosen from a judicial district panel or statewide panel to act as arbitrators in a particular dispute and will consist of at least one attorney and one lay member.

"Client" means a person or entity who directly or through an authorized representative consults, retains or secures legal service or advice from an attorney in the attorney's professional capacity

"Panel" means the entire list of attorneys and lay persons who make up the fee arbitration "panel" for each judicial district.

"Statewide Panel" means all attorneys and lay persons currently serving on each judicial district panel who have actually acted as an arbitrator under these rules or the preceding "Rules on Voluntary Arbitration of Fee Disputes".

## III.    ADMINISTRATIVE MATTERS - SETTING UP PANELS

3.1    The State Bar shall administer this program through its Executive Director.  The State Bar will appoint members to the arbitration panel in various judicial districts, composed of an equal number of attorneys and lay persons who reside in the district.    The initial term of appointment shall be three (3) years and such appointment may be renewed for a successive term or terms.  In cases where there are an insufficient number of attorneys and/or lay persons for a panel, the matter will be reviewed by a panel in a judicial district chosen by the State Bar, based on availability of panelists.  In such cases, either party may participate by telephone conference call at their own expense if requested if the location of the hearing requires them to travel 100 miles or more.

3.2    The term of any board member which ends for any reason while an arbitration is pending shall be extended until such arbitration is concluded, but such extension shall not interfere with the State Bar's power to appoint a successor to the judicial district panel.

3.3    The panel members in each judicial district shall be appointed from as broad a spectrum of the practicing Bar and general public as possible.

3.4    Each person appointed to a panel as provided in 3.1 shall also be a member of the statewide fee arbitration panel once that person has actually served as an arbitrator on a local board.  Such statewide appointment shall be for the duration of their term on the local panel. Members of the statewide panel may be called upon in the event panelists are not available in a certain judicial district.

## IV.    AMOUNTS IN DISPUTE WHICH MAY BE ARBITRATED UNDER THESE RULES

Any disputed amount of $500.00 or more may be arbitrated.  The disputed amount may include fees and costs paid, charged, or claimed for professional services by attorneys. If only a portion of a fee and/or costs is disputed, that portion must be at least $500.00.

## V. INITIATION OF PROCEEDINGS

5.1 The forms required to initiate arbitration may be obtained from the State Bar of Montana, P.O. Box 577, Helena, MT 59624, (406) 442-7660, or from the Bar's website: www.montanabar.org. The petitioner shall complete the Petition and sign two (2) Arbitration Agreements and file those documents with the State Bar. All documents may be filed electronically, by fax (406)442-7763, or by U.S. Postal Service. Supporting documents are not to be filed with the Petition, but will be required prior to any hearing or review. However, the parties will bear the burden of copying and mailing supporting documents to the arbitrators and opposing party.

5.2 Upon receipt of the duly executed documents from Petitioner, the State Bar shall promptly forward, by certified mail, a copy of the Petition and an original and one copy of the Arbitration Agreement to the opposing party(ies) named in the Petition.

5.3 Upon receipt of a copy of the signed Petition and the proposed Arbitration Agreement, the Respondent has the following Options:

(a) participate in binding arbitration;
(b) participate in non-binding arbitration, or
(c) not participate in the arbitration.

5.4 If Options (a) or (b) are chosen, the Respondent shall sign the Arbitration Agreement and return it to the State Bar within twenty (20) days of receipt thereof.

5.5 If the Respondent is the attorney and chooses Option (c) or fails to return the signed agreement within the time specified above, the client will be notified that arbitration will take place without the attorney's participation. If the attorney chooses not to participate, the attorney will be sent a copy of the written arbitration decision when it is rendered. The decision will become binding unless a lawsuit is filed on the original fee dispute, pursuant to Rule 8.5 herein.

5.6 If the Respondent is the client and chooses Option (c), or the client fails to return the signed agreement within the time specified above, the State Bar will notify the attorney of client's choice not to participate and the matter will be deemed closed for purposes of arbitration, pursuant to these Rules.

5.7 Both parties must sign under Option (a) in order for binding arbitration to take place. If one party signs under Option (a) and the other signs under Option (b), the arbitration will be nonbinding. However, even if the parties undertake non-binding arbitration, the decision will become binding 30 days from the date the decision is mailed to the parties, unless a lawsuit is filed by either party, per Rule 8.5.

5.8 No party may withdraw from these arbitration proceedings, including non-binding arbitration, without written consent of the opposing party once the Arbitration Agreement has been signed by both parties and returned to the State Bar.

3

## VI. SELECTION OF ARBITRATORS

6.1 The panel having jurisdiction over a dispute shall be the panel appointed for the judicial district in which the attorney to the dispute maintains his or her primary law office, unless:

    (a) the parties agree that the matter should be referred to a statewide panel or,

    (b) the State Bar determines there are an insufficient number of qualified arbitrators available in the appropriate judicial district, in which case the State Bar may appoint such additional arbitrators as may be required from an adjacent judicial district or from the statewide panel, or

    (c) the attorney does not maintain an office in Montana, in which case, the jurisdiction shall be the one in which the Client resides or has its primary office, or

    (d) if none of the above apply, the State Bar will determine which jurisdiction(s) the arbitrators will come from, taking into account availability of arbitrators and other considerations.

6.2 The State Bar shall mail to each party a numbered list of eligible arbitrators. The list will also contain two choices: "Hearing Requested" or "Hearing Waived" (see paragraphs 7.1 and 7.2).

6.3 Each party may eliminate one attorney and one lay person from the list and may request a hearing. Eliminations and requests for a hearing must be made in writing and filed with the State Bar electronically, by fax or by regular mail, within ten (10) days of receipt of the list. If either party wishes to eliminate more than two (2) persons from the list, they must send a written request within ten (10) days of receipt of the list, stating the reasons for the request. The State Bar will rule on such request. No party may disqualify more than three (3) arbitrators in any single dispute. The arbitration Board shall consist of the remaining three members having the lowest assigned numbers. Notice of the names of the Board members thus selected shall be given by the State Bar to the parties and to the selected arbitrators.

6.4 The State Bar will appoint a Chair.

6.5 A Board member may decline to act as an arbitrator in a particular dispute for good cause shown.

6.6 If a disqualified arbitrator is an attorney, the alternate arbitrator shall be the attorney on the list sent to the parties with the next lowest number. If the arbitrator disqualified is a lay person, the alternate shall be the lay person on the list sent to the parties with the next lowest number. The State Bar shall immediately advise the parties of the name of the alternate arbitrator to replace the disqualified arbitrator. If there are no alternates available from the initial list of proposed arbitrators submitted to the parties, the State Bar will submit a new numbered list of three (3) names of either all attorneys or all lay persons, whichever is to be

replaced. Within ten (10) days of receipt of the list, each party will cross off the name of one person and return the list to the State Bar. The alternate will be the person remaining on the list with the lowest number.

## VII.  ARBITRATION HEARING

7.1  If both parties agree to waive a hearing, the arbitrators shall decide the dispute upon written statements of position, signed under oath or affirmation and notarized, along with any supporting documents submitted by each party, without personal attendance at an arbitration hearing.

7.2  If a hearing is requested by either party, it shall be held in the judicial district from which the board is chosen, within ninety (90) days after the final arbitration Board has been selected, subject to postponement or continuance as provided in 7.5. The Chair shall determine a convenient time and place for the hearing and cause written notice to be mailed to the parties and other arbitrators not less than twenty (20) days before the hearing. Appearance by a party at a scheduled hearing shall constitute waiver by said party of any deficiency with respect to the notice of hearing. Either party or an arbitrator may appear by telephone, for good cause shown, at the discretion of the State Bar.

7.3  The parties shall submit copies of all documents to be reviewed, along with a list of witnesses, to each arbitrator, and to the opposing party no less than ten (10) days before the date of the hearing. Documents not timely submitted shall be excluded absent a showing of good cause as determined by the Chair.

7.4  The Chair shall preside at the hearing. The chair shall be the judge of the relevance of the evidence offered and shall rule on questions of procedure. The Chair shall exercise all powers relating to the conduct of the hearing, and conformity to Federal or Montana Rules of Evidence shall not be required.

7.5  The hearing may be postponed or continued from time to time by the Chair.

7.6  The parties to the arbitration are entitled to be heard, present evidence and cross-examine the other party or witnesses appearing at the hearing. Any party to an arbitration has the right to be represented by an attorney, at the party's own expense, during all stages of the arbitration.

7.7  The testimony of witnesses may be given under oath or affirmation. The chair shall administer such oaths.

7.8  If any party to an arbitration who has been duly notified fails to appear at the hearing, the Chair may either proceed with the hearing and determine the controversy upon the evidence produced or reschedule the hearing for a later date.

7.9  Either party may, at their expense, have the entire proceeding recorded by a court reporter or by mechanical means. In such event, the other party shall be entitled to a copy of the transcript or recording at their own expense.

5

## VIII. ARBITRATION DECISION

8.1 The arbitrators shall consider the following factors, taken from the Rules of Professional Conduct, in determining whether the fees are justified:

Rule 1.5 – Fees

(a)  A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses.  The factors to be considered in determining the reasonableness of a fee include the following:

  (1)  the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;

  (2)  the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

  (3)  the fee customarily charged in the locality for similar legal services;

  (4)  the amount involved and the results obtained;

  (5)  the time limitations imposed by the client or by the circumstances;

  (6)  the nature and length of the professional relationship with the client;

  (7)  the experience, reputation and ability of the lawyer or lawyers performing the services; and

  (8)  whether the fee is fixed or contingent.

(b)  The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing.  This paragraph does not apply in any matter in which it is reasonably foreseeable that total cost to a client, including attorney fees, will be $500 or less.

(c)  A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law.  A contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated.  The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party.  Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

(d)  A lawyer shall not enter into an arrangement for, charge or collect:

  (1)  any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of maintenance or support or property settlement in lieu thereof; or

  (2)  a contingent fee for representing a defendant in a criminal case.

(e)  A division of a fee between lawyers who are not in the same firm may be made only if:

(1)   the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;

(2)   the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and

(3)   the total fee is reasonable.

8.2   A written decision of the arbitrators shall be rendered after the matter has been submitted for decision. In the case of a non-binding decision, the written decision must clearly state in its first and last sentences that it will become binding within 30 days of the date it is mailed to the parties by the State Bar office, unless a lawsuit is filed by either party to have the fee dispute settled in a court of law. To enhance the efficiency of this process, the arbitrators shall attempt to issue their ruling within twenty (20) days of the hearing. The arbitration decision shall be made and signed by at least two (2) of the arbitrators. It shall state the amount of fees and costs awarded, if any, the terms of payment, if applicable, and to whom any payment shall be made.

8.3   The Chair shall forward the decision to the State Bar of Montana, which shall mail a copy of the decision to each party to the arbitration.

8.4   If at least two (2) of the arbitrators cannot agree on a decision, the matter shall be submitted to a new arbitration board within thirty (30) days of the failure of at least two (2) of the arbitrators to agree.

8.5   The parties may agree to be bound by the decision of the arbitration board by signing under Rule 5.3, Option (a) in the Arbitration Agreement. Absent an Arbitration Agreement signed by both parties, the arbitration decision shall become binding upon a non-participating attorney thirty (30) days from the date it is mailed to the parties, unless a lawsuit is filed in a court of law to settle the dispute.

## IX.   CONFIDENTIALITY AND IMMUNITY

9.1   All records, documents, files, proceedings and hearings pertaining to the arbitration of any dispute under these rules shall be confidential, except as necessary to enforce these Rules, or coordinate efforts with the Montana Supreme Court's Office of Disciplinary Counsel, and will be closed to the public.

9.2   Parties and witnesses shall have such immunity as is applicable in a civil lawsuit in the jurisdiction. Committee members, arbitrators, panels and staff shall be immune from a lawsuit for any conduct in the course and scope of their official duties.

## X.   ENFORCEMENT

10.1   If, within sixty 60 days of the mailing of the Board's decision, an attorney against whom an arbitration decision is rendered has not filed a lawsuit in accordance with Rule 8.5 and has failed to comply with the Board's decision, the Supreme Court shall issue an order to show cause why the attorney should not be suspended from the practice of law. If good cause is not shown, the Supreme Court shall suspend the attorney from the practice of law.

7

**10.2** Nothing in this Rule allows parties who have both agreed to binding arbitration to bring a lawsuit in a court of law. An arbitration award to which both parties initially agreed to be bound, may only be challenged pursuant to the Uniform Arbitration Act.

**10.3** Upon compliance with the Board's decision, an attorney suspended under this rule shall provide proof of compliance to the Supreme Court. The Supreme Court may then issue an order of reinstatement to the attorney.

## XI. DECISION ENTERED AS AN ORDER OF COURT

If no lawsuit is filed in a court of law within thirty (30) days as referred to in Rule 8.5 above, the arbitration decision may be entered and filed as an order of court pursuant to the Uniform Arbitration Act, MCA 27-5-311, (1993).

_____

_____,
                **PETITIONER(S)**

                                                    **PETITION FOR ARBITRATION**
vs.                                                 **OF FEE DISPUTE**

_____                    **No._____**

_____,
                **RESPONDENT(S)**

**TO:    THE STATE BAR OF MONTANA:**

**PETITIONER(S)** address and phone number:

_____
(Street or P.O. Box)              (City, State and Zip)              (Daytime Phone No.)

**RESPONDENT(S)** address and phone number:

_____
(Street or P.O. Box)              (City, State and Zip)              (Daytime Phone No.)

   Petitioner(s) hereby request(s) arbitration of the fee dispute between myself/ourselves and the above-named Respondent(s).

   The amount of the fee and/or costs in dispute is:  $_____.

   I/we certify the fee is not the subject of pending litigation and is not a fee which a court or administrative agency, i.e. Workers' Compensation Court or Social Security Disability matter, has statutory authority to determine.  I/we understand this is not the forum for claims of professional or ethical misconduct or malpractice and that those issues are reviewed by the Office of Disciplinary Counsel (406)841-2980, or by a court of law.  **I/we further understand that by filing this Petition, I/we may not withdraw from this process once the opposing party has signed the Arbitration Agreement, unless the opposing party agrees to the withdrawal.** *I/we also understand that even if non-binding arbitration is selected, the award entered at the conclusion of the process may become binding under certain provisions of these rules.*

A brief statement of the facts giving rise to the dispute is as follows:  (Attach separate sheet if necessary)

_____

_____

_____

_____

1

**DATED THIS** _____ day of _____, 20____.

_____      _____
Petitioner                                           Co-Petitioner (If applicable)

_____

_____              PETITIONER(S)

                                        -vs-

_____

_____              RESPONDENT(S)

**ARBITRATION
AGREEMENT**

**No. _____**

1)   Petitioner(s) affirm(s) that they have previously attempted to settle this dispute with the other party through a meeting, telephone call or written communication and that not withstanding those efforts, the assistance of arbitrators is requested to resolve this dispute.

2)   Each party affirms that they have received and read the State Bar of Montana's "Rules on Arbitration of Fee Disputes" and agrees to abide by those rules.

3)   The parties agree that this dispute is not subject to a valid arbitration agreement under applicable state or federal law.

4)   The parties agree that this dispute is not the subject of litigation filed prior to receipt of the Petition by the State Bar of Montana.

5)   In addition to paragraphs 1 through 4 above, the parties further agree: (*choose and sign* **ONE** *of the following options*)

**OPTION A**:  To participate in "binding" arbitration and to immediately be bound by the decision of the arbitrators.  *(If both parties sign under Option A, the arbitrators' decision is final and cannot be reversed* **unless there is a showing of fraud or conflict of interest under the Uniform Arbitration Act.***)*

_____          _____
Petitioner(s)                    Date          Respondent(s)                   Date

**OPTION B**:  To participate in "non-binding" arbitration, with the arbitrators' decision to become binding thirty (30) days after the date of the decision, unless Petitioner or Respondent files ~~an action~~ **a lawsuit** in **the appropriate** ~~a~~ court of law, within 30 days of the date of the arbitrators' decision, to settle this dispute.  *(If either party chooses Option B, there is a 30-day grace period from the date the decision is mailed to the parties, allowing either party to file a lawsuit if they disagree with the arbitrators' decision).*

_____          _____
Petitioner(s)                    Date          Respondent(s)                   Date

OPTION C – See next page...............................

1

<u>OPTION C (for Respondent only)</u>
<u>I elect not to participate in the arbitration and understand that, depending upon my status as either attorney or client, Rules 5.5 and 5.6 respectively will thereafter govern.</u>

_____

**Respondent(s)**                    **Date**